**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KRONLAGE FAMILY LIMITED PARTNERSHIP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-959** |
| **EAGAN INSURANCE AGENCY, LLC et al.** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

This litigation arises out of alleged damage to Plaintiff Kronlage Family Limited Partnership's ("Plaintiff") properties during Hurricane Ida.[1] Plaintiff brings breach of contract and negligence claims against Defendants Eagan Insurance Agency, LLC ("Eagan") and Paul Gremillion ("Gremillion") (collectively, "Defendants").[2] Plaintiff alleges that Eagan, through Gremillion as its insurance agent, bound Plaintiff to an inadequate insurance policy containing an arbitration clause.[3] Before the Court is Defendants' "Motion to Dismiss Pursuant to Rule 12(b)(6)."[4] In the motion, Defendants argue that Plaintiff's claims are perempted by Louisiana Revised Statute § 9:5606 because Plaintiff had constructive notice of the arbitration clause in June 2021 but did not bring this lawsuit until August 22, 2022.[5] In opposition, Plaintiff argues that its claims are not perempted because Plaintiff did not learn until April 2022 that Gremillion failed to

---

[1] Rec. Doc. 11-3 at 2.

[2] *Id*. at 2–3.

[3] *See id*.

[4] Rec. Doc. 11.

[5] Rec. Doc. 11-1 at 4–5.

follow through on his assurance that he would remove the arbitration clause.[6] Having considered the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

### *A. Factual Background*

This litigation arises out of alleged damage to Plaintiff's properties during Hurricane Ida.[7] Plaintiff alleges that it hired Eagan to procure an insurance policy for the properties located at 1801 and 1809 S. Sherwood Forest Blvd., Baton Rouge, LA 70816 (the "Properties").[8] Plaintiff avers that, in May 2021, Gremillion, as Eagan's insurance agent, procured Policy No. 2021-800905-01 to cover the Properties from all risk of loss (the "Policy").[9] Plaintiff avers that, around that time, Gremillion "claims to have delivered the [Policy]" to Plaintiff's corporate representative, Curt Kronlage ("Kronlage").[10] Plaintiff alleges that, upon reading the Policy and discovering that it contained an arbitration clause (the "Arbitration Clause"), Kronlage told Gremillion that the Arbitration Clause was "not acceptable."[11] Plaintiff contends that Gremillion told Kronlage he "would have the Arbitration [Clause] removed."[12]

Plaintiff alleges that, on August 29, 2021, the Properties were severely damaged by hurricane force winds sustained during Hurricane Ida and Plaintiff submitted claims under the

---

[6] Rec. Doc. 14.

[7] *See* Rec. Doc. 11-3.

[8] *Id*. at 1.

[9] *Id*.

[10] *Id*.

[11] *Id*. at 2.

[12] *Id*.

Policy through Eagan.[13] Plaintiff alleges that "[i]t was only after the claim was filed that [Plaintiff] learned that Defendants . . . did not fix the [Policy] and had sold [Plaintiff] an insurance contract . . . with a ridiculous Arbitration Clause."[14] Thus, Plaintiff brings breach of contract and negligence claims against Defendants.[15]

***B. Procedural Background***

Plaintiff filed a petition for damages against Defendants in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on August 22, 2022.[16] On November 4, 2022, Defendants removed the action to this Court, asserting subject matter jurisdiction based on a federal question under 28 U.S.C. §§ 1441 and 1446.[17] In the Notice of Removal, Defendants asserted that removal was proper because this litigation relates to the Arbitration Clause, which falls under the Convention Act, 9 U.S.C. § 201, *et seq.* (the "Convention Act").[18] "Defendants averred in the Notice of Removal that, because this Court had already determined that this same Arbitration Clause falls under the Convention Act in Plaintiff's suit against the insurers of the Policy, *Kronlage Family Limited Partnership v. Independent Specialty Insurance Company, et al.* (the "Insurance

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 1 at 3.

[18] *Id.*

Action"),[19] and because the Arbitration Clause relates to this dispute, this Court has subject matter jurisdiction pursuant to the Convention Act.[20]

The case was originally randomly allotted to Judge Greg Gerard Guidry.[21] On November 11, 2022, Plaintiff filed a motion to stay this proceeding pending the potential remand of the Insurance Action to state court.[22] On December 9, 2022, the case was transferred to this Court as related to the Insurance Action.[23] On December 13, 2022, the Court denied Plaintiff's motion to stay as moot because the Court had already denied as moot Plaintiff's motion to remand the Insurance Action on October 19, 2022.[24] On January 18, 2023, the Court stayed and administratively closed the Insurance Action and compelled Plaintiff to arbitrate its claims against the insurers of the Policy.[25]

Meanwhile, on December 2, 2022, Defendants filed the instant motion to dismiss.[26] Plaintiff filed an opposition to the motion on January 10, 2023.[27] With leave of Court, Defendants

---

[19] No. 22-1013.

[20] Rec. Doc. 1 at 7; *see also* No. 22-1013, Rec. Doc. 25 (denying Plaintiff's motion to remand its action against the Policy's insurers, Independent Specialty Insurance Company and Certain Underwriters at Lloyd's London, in part because the Arbitration Clause falls under the Convention Act).

[21] Rec. Doc. 3.

[22] Rec. Doc. 5.

[23] Rec. Doc. 12.

[24] Rec. Doc. 13.

[25] No. 22-1013, Rec. Doc. 68.

[26] Rec. Doc. 11.

[27] Rec. Doc. 14.

filed a reply brief in further support of the motion on January 18, 2023.[28] On January 19, 2023, with leave of Court, Plaintiff filed a sur-reply in further opposition to the motion.[29]

## II. Parties' Arguments

### *A. Defendants' Arguments in Support of the Motion to Dismiss*

Defendants argue that Plaintiff's claims should be dismissed because they are perempted by Louisiana Revised Statute § 9:5606.[30] Defendants aver that Section 9:5606 requires a plaintiff to file suit against an insurance broker "within one year of a plaintiff's knowledge or constructive knowledge of the act, omission, or neglect that led to the cause of action."[31] Defendants contend that the peremption clock in this case began to run "the moment that Plaintiff received the [Policy]."[32] Defendants assert that, "[b]y its own admission [in the Petition], Plaintiff received a copy of the [Policy] in June 2021."[33] Defendants argue that "it is not conceivable, let alone plausible, 'that it was only after the claim was filed that [Plaintiff] learned that [Defendants] did not fix the policy."[34] Defendants further argue that the Court must presume that Plaintiff read the Policy, as is its duty under Louisiana law, such that the one-year peremptive period began to run

---

[28] Rec. Doc. 19.

[29] Rec. Doc. 21.

[30] *See* Rec. Doc. 11-1 at 6.

[31] *Id*. at 6–7 (quoting La. Rev. Stat. § 9:5606).

[32] *Id*. at 7.

[33] *Id*. at 8.

[34] *Id*. (quoting Rec. Doc. 11-3 at 2).

in June 2021.[35] Thus, Defendants conclude that Plaintiff's claims are time-barred because Plaintiff did not file suit until fourteen months after receiving a copy of the Policy.[36]

***B. Plaintiff's Arguments in Opposition to the Motion to Dismiss***

In opposition, Plaintiff makes two arguments. First, Plaintiff argues that Defendants' assertions that Plaintiff is "presumed to have known the contents of his insurance policy" and the peremptive period "begins to run when the plaintiff receives a copy of the policy" are "not applicable to the facts of this case."[37] Plaintiff avers that, because the litigation is based on Defendants' failure to remove the Arbitration Clause from the Policy or procure a new policy, the peremptive period does not begin to run until Plaintiff discovered this failure.[38] Plaintiff asserts that it instructed Gremillion to remove the Arbitration Clause upon reading the Policy, and relied upon Gremillion's assurance that he would do so.[39] Plaintiff contends that the discovery of Defendants' failure to remove the Arbitration Clause "did not occur until well after Hurricane Ida."[40]

Second, Plaintiff argues that dismissal of this action is premature because discovery is ongoing and necessary to help Plaintiff support its claims.[41] Plaintiff contends that it has been "unable to perform additional discovery and take depositions required to support its claims" due

[35] *Id*.

[36] *Id*. (citing *Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 670-71 (5th Cir. 2007)).

[37] Rec. Doc. 14 at 4.

[38] *Id*. at 4–5.

[39] *Id*. at 4 (citing Rec. Docs. 11-3; 14-2 (Kronlage's affidavit)).

[40] *Id*. at 5.

[41] *See id*.

to the Court's Hurricane Ida Case Management Order.[42] Plaintiff avers that it needs to take Gremillion's deposition and has already scheduled a Rule 37 discovery conference to determine possible dates.[43]

### *C. Defendants' Arguments in Further Support of the Motion to Dismiss*

In reply to Plaintiff's opposition, Defendants make three arguments in further support of the motion. First, Defendants argue that Plaintiff does not dispute that it received a copy of the Policy in June 2021, and the peremption clock begins "when the policyholder has *constructive knowledge* of the agent's alleged error or omission."[44] Defendants aver that Plaintiff had at least constructive knowledge when it received a copy of the Policy and so it does not matter when Plaintiff actually discovered the error.[45] Defendants further contend that Kronlage is a licensed and barred attorney who "should have known to review the policy language to ensure that [the Arbitration Clause] had been removed."[46]

Second, Defendants argue that the Court may consider the signed Policy that Defendants attach to the instant motion but not Kronlage's affidavit attached to Plaintiff's opposition[47] because it "is clearly incorporated by reference into Plaintiff's petition."[48]

---

[42] *Id*.

[43] *Id*.

[44] Rec. Doc. 19 at 2.

[45] *Id*.

[46] *Id*. at 2–3.

[47] *See id.* at 3–4.

[48] *Id*.

Third, Defendants argue that the motion is not premature because "either [Plaintiff] has submitted facts to survive this Motion to Dismiss or it has not."[49] Defendants assert that the fact that Plaintiff "concedes [it] require[s] more discovery. . . [highlights] the weakness of Plaintiff's case and suggests that . . . Plaintiff has not conducted appropriate due diligence to confirm" that its claims are viable.[50]

***D. Plaintiff's Arguments in Further Opposition to the Motion to Dismiss***

In the sur-reply brief, Plaintiff argues that Defendants' reply brief "misinterprets the facts and confuses the issues."[51] Plaintiff asserts that it received the Policy and instructed Gremillion to remove the Arbitration Clause before Hurricane Ida and Gremillion responded that he would follow these instructions.[52] Plaintiff contends that it did not learn the Arbitration Clause remained in the Policy until after it filed the Insurance Action.[53] Thus, Plaintiff concludes that its claims are not time-barred.[54]

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[55] A motion to dismiss for failure to state

[49] *Id*. at 5.

[50] *Id*.

[51] Rec. Doc. 21 at 1.

[52] *Id*.

[53] *Id*. at 1–2.

[54] *Id*. at 2. Plaintiff also states that "Defendants are attempting to use procedure to prevent Plaintiff from obtaining [] Gremillion's deposition despite its relevance" to the peremption issue. *Id*.

[55] Fed. R. Civ. P. 12(b)(6).

a claim is "viewed with disfavor and is rarely granted."[56] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[57] "Factual allegations must be enough to raise a right to relief above the speculative level."[58] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[59]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[60] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[61] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[62] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[63] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[64] That is, the complaint must offer more than an "unadorned, the defendant-

---

[56] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[57] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[58] *Twombly*, 550 U.S. at 556.

[59] *Id.* at 570.

[60] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[61] *Iqbal*, 556 U.S. at 677–78.

[62] *Id.* at 679.

[63] *Id.* at 678.

[64] *Id.*

unlawfully-harmed-me accusation."[65] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[66] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[67]

## IV. Analysis

In the instant motion, Defendants argue that Plaintiff's claims should be dismissed because they are perempted pursuant to Louisiana Revised Statute § 9:5606.[68] Specifically, Defendants assert that the claims are perempted because Plaintiff was aware of the Arbitration Clause upon receiving a copy of the Policy in June 2021 but did not file the instant lawsuit until August 22, 2022.[69] Plaintiff argues that its claims are not perempted because they are based on Defendants' failure to remove the Arbitration Clause and so the peremption clock did not start until Plaintiff realized this failure well after Hurricane Ida.[70]

In relevant part, Louisiana Revised Statute § 9:5606(A) states:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year

---

[65] *Id.*

[66] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[67] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[68] *See* Rec. Doc. 11-1 at 6.

[69] *Id.*

[70] *See* Rec. Doc. 14 at 4–5.

> from the date that the alleged act, omission, or neglect is discovered or should have been discovered.

Plaintiff filed the Petition in Louisiana state court on August 22, 2022. Thus, Section 9:5606(A) perempts any claims against Defendants that Plaintiff discovered or should have discovered before August 22, 2021.

Defendants argue that the claims are perempted because Plaintiff admits in the Petition that it was aware of the Arbitration Clause in June 2021.[71] However, this argument mischaracterizes the nature of Plaintiff's claims against Defendants. The Petition clearly states that Kronlage called Gremillion "[d]uring the first week of June 2021" and told him that the Arbitration Clause "in the policy form that was sent to him was not acceptable."[72] The Petition further alleges that Gremillion told Kronlage that he "would have the Arbitration [Clause] removed" and it was only after Plaintiff submitted its Hurricane Ida claims to the insurer that it learned that Defendants "did not fix the policy."[73] Plaintiff's claims are not based on the initial inclusion of the Arbitration Clause, which Plaintiff discovered in June 2021, but on Defendants' failure to remove the Arbitration Clause upon receiving Kronlage's instructions. Therefore, because Plaintiff alleges that it did not learn of this failure until after August 22, 2022, the Petition alleges facts suggesting that Plaintiff filed the case within one year of its actual discovery of Defendants' conduct.

However, the peremption clock is also triggered where Plaintiff had "constructive knowledge" of its claims. The Louisiana Supreme Court has explained that "[c]onstructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and

---

[71] Rec. Doc. 11-1 at 8.

[72] Rec. Doc. 11-3 at 2.

[73] *Id*.

call for inquiry."[74] "[A] plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of [peremption] unless the plaintiff knew or should have known [about the claim] through the exercise of reasonable diligence."[75] Defendants argue that Plaintiff had constructive knowledge of the claims upon receiving the Policy in June because Plaintiff is presumed to have knowledge of the contents of the Policy upon receipt.[76]

The Court finds this argument unavailing. Although Defendants are correct that "Louisiana law imposes a duty on the insured to read and know his or her insurance policy provisions," Plaintiff's knowledge of the contents of the Policy as provided in June 2021 is not at issue.[77] Plaintiff alleges that Kronlage, as Plaintiff's corporate representative, read the Policy, knew that the Policy contained the Arbitration Clause, asked Gremillion to take corrective action, and was told by Gremillion that the Arbitration Clause would be removed.[78] Thus, at issue is whether Plaintiff should have known prior to August 22, 2021, that Defendants failed to take corrective action. Accepting these allegations as true, as the Court must on a Rule 12(b)(6) motion to dismiss, it is plausible that Plaintiff reasonably believed that the Arbitration Clause was removed up until it had to submit a claim under the Policy after Hurricane Ida.[79] Where a statute-of-limitation defense is raised on a Rule 12(b)(6) motion, the Fifth Circuit in *Jamil Abdul-Alim Alim v. Universal*

---

[74] *Campo v. Correa*, 828 So.2d 502, 510–11 (La. 2002); *see also Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 672 (5th Cir. 2007) (applying the standard for constructive knowledge outlined by the Louisiana Supreme Court in *Campo* to peremption pursuant to La. Rev. Stat. § 9:5606).

[75] *Id*. at 511.

[76] Rec. Doc. 11-1 at 8.

[77] *Campbell*, 509 F.3d at 672.

[78] Rec. Doc. 11-3 at 1–2.

[79] The Court notes that it is skeptical that Plaintiff was reasonable in believing that the Arbitration Clause could be removed from the signed Policy without any further action by Plaintiff; however, the Court finds that it is premature to resolve the issue of Plaintiff's reasonableness at this stage.

*Life Insurance Company* instructs that dismissal is improper if a question of fact "not normally ascertainable from the pleadings," such as "reasonableness," is at issue.[80] Accordingly, the Court will not dismiss Plaintiff's claims based on peremption at this time.

## V. Conclusion

For the foregoing reasons, the instant Rule 12(b)(6) motion to dismiss is denied because it is conceivable, based on the facts alleged in the Petition, that Plaintiff's claims are not perempted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss Pursuant to Rule 12(b)(6)"[81] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 15th day of February, 2023.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[80] 706 F.2d 638, 641 (5th Cir.1983) (reversing the district court's order dismissing plaintiff's claims where the prescription issue depended on whether a "reasonable" period of time for performance of the contract at issue had elapsed and noting that "[a] court should be extremely reluctant to grant a motion to dismiss on a ground that requires a determination of ... facts that are not normally ascertainable from the pleadings.").

[81] Rec. Doc. 11.